Of Counsel:
OGAWA, LAU, NAKAMURA & JEW
Attorneys-at-Law
A Law Corporation

ROY T. OGAWA        1821-0
600 Ocean View Center
707 Richards Street
Honolulu, Hawaii 96813
Telephone:  (808) 533-3999
Facsimile:   (808) 533-0144
Email:             rogawa@ollon.com

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.

TODD W. BLISCHKE, *(Pro hac vice)*
1215 – 4th Avenue, Suite 2210
Seattle, Washington 98161
Telephone:  (206) 204-5800
Facsimile:   (206) 204-0284
Email:             tblischke@wthf.com


Attorneys for Plaintiff
Liberty Mutual Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>                    Plaintiff,<br><br>      v.<br><br>CTS EARTHMOVING, INC., a Hawaii corporation; CHRISTIAN TWIGG-SMITH , an individual; LOUISA | CIVIL NO. CV-12-00089 JMS- KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

1

| | |
|---|---|
| TWIGG-SMITH, an individual; and THE CHRISTIAN TWIGG-SMITH REVOCABLE LIVING TRUST, a Hawaii trust,<br><br>            Defendants. | |

## FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS

THIS CAUSE is before the Court on the request of Plaintiff Liberty Mutual Insurance Company ("Liberty") for entry of default judgment against CTS Earthmoving, Inc., Christian Twigg-Smith, Louisa Twigg-Smith, and the Christian Twigg-Smith Revocable Living Trust (collectively, "Defendants"). The Court, having considered Liberty's Motion for Default Judgment, finds that the Defendants caused Liberty to suffer losses totaling $686,487.78. Thus, the Court makes the following findings of fact and conclusions of law and recommends that default judgment be granted and damages be awarded.

## FINDINGS OF FACT

1.   Liberty is a corporation duly organized and existing under the laws of the State of Massachusetts and authorized to do business in the State of Hawaii.

2.   CTS is, and at all times mentioned herein was, a Hawaii corporation duly organized and existing under the laws of the State of Hawaii, whose principal place of business is in Hawaii County, Hawaii.

3.   Christian Twigg-Smith is, and at all times mentioned herein was, a resident of the State of Hawaii residing in Hawaii County, Hawaii.

4.   Louisa Twigg-Smith is, and at all times mentioned herein was, a resident of the State of Hawaii residing in Hawaii County, Hawaii.

5. The Trust is, and at all times mentioned herein was, a trust duly created and existing under the laws of the State of Hawaii, which is principally located in Hawaii County, Hawaii.

6. Jurisdiction and venue are proper in this Court.

7. Safeco Insurance Company of America ("Safeco") issued surety bonds on behalf of CTS in connection with certain construction projects performed in the State of Hawaii.

8. Safeco, a company organized under the laws of the State of New Hampshire, is, and at all times mentioned herein was, qualified to conduct business as a surety within the State of Hawaii. Among its business operations, Safeco is engaged in the business of issuing surety bonds.

9. As partial consideration for Safeco's agreement to furnish surety bonds on behalf of CTS, on or about July 10, 2006, Liberty and the Defendants properly and formally executed and entered into a General Agreement of Indemnity ("GAI").

10. Liberty has the right, under the GAI and otherwise under the law, to pursue claims for losses arising under bonds issued by Safeco, including the bonds giving rise to the losses at issue in this action.

11. Under the terms of the GAI, the Defendants, jointly and severally, agreed to indemnify Liberty from and against any and all liability for losses, fees, costs and expenses of whatsoever kind or nature which Liberty, and any other company that is part of or added to the Liberty Mutual Group (including Safeco), incurred as a consequence of issuing bonds on behalf of CTS or as a consequence of a breach of the GAI by Defendants.

12. CTS entered into a contract with the Department of Water Supply for the County of Hawaii to perform the Palani Road Transmission Water Line from Mamalahoa Highway to Palani #2 Reservoir Job No. 2003-823 ("Project"), on or about August 12, 2009 ("Contract").

13. After execution of the GAI and at the request of the Defendants, Safeco issued Performance and Labor & Material Payment Bond No. 6621811 for the Project, on or about August 12, 2009, in the penal sum of $12,325,033.80 ("Bond").

14. CTS was unable to complete certain of its obligations under the Contract and on the Project. As a result, Liberty received claims on the Bond, including, without limitation, claims and demands from subcontractors and suppliers of CTS.

15. The Defendants failed to exonerate and indemnify Liberty for the claims made against the Bond.

16. Liberty has incurred losses, costs, attorneys' fees, and expenses in investigating and discharging Safeco's obligations under the Bond and in bringing the present action.

17. The Defendants failed to exonerate and indemnify Liberty for losses incurred a consequence of issuing bonds on behalf of CTS, investigating and discharging Safeco's obligations under the Bond, as a consequence of the Defendants' breach of the GAI, and in brining the present action. Liberty suffered damages as set forth below:

    a. Principal damages:    $636,839.83

    b. Pre-Judgment Interest:    $25,883.62

    c. Taxable Costs:    $837.35

    d. Attorney's Fees:    $20,665.96

    e. Non-Taxable Costs:    $2,261.02

    f. TOTAL:    $686,487.78

18. Liberty made repeated demands of the Defendants to comply with their indemnity obligations under the terms of the GAI. Defendants failed and refused to perform those obligations.

19. Liberty and Safeco performed all of the terms, covenants, and conditions on their part to be performed under the terms of the GAI and the Bond.

20. Liberty initiated this action on February 15, 2012.

21. The Defendants were all properly served in this action.

22. The Defendants failed to appear within the time provided to plead or respond.

23. On May 9, 2012, at the request of Liberty, the Clerk entered a Certificate of Entry of Default against the Defendants.

24. On August 22, 2012, Liberty made a request of this Court for entry of default judgment against the Defendants.

25. On October 29, 2012, this Court conducted a hearing attended by a representative from Liberty and Liberty's counsel to determine whether to grant entry of default judgment against the Defendants, and to establish the sum certain of damages to be awarded Liberty in the event of entry of default judgment.

26. On October 29, 2012, in open court during the hearing, this Court directed Liberty to prepare the Findings and Recommendation granting entry of default judgment against the Defendants, with damages as set forth below:

   a. Principal:              $636,839.83
   b. Pre-Judgment Interest:  $25,883.62
   c. Taxable Costs:          $837.35
   d. Attorneys' Fees:        $20,665.96
   e. Non-Taxable Expenses:   $2,261.02
   f. Total Losses:           $686,487.78

## **CONCLUSIONS OF LAW**

27. Under the GAI, the Defendants are jointly and severally liable.

28. All claims against the Bond were a direct and proximate result of CTS's inability to complete certain of its obligations under the Contract and the Project.

29. The Defendants' breaches of the GAI include:

   a. Defendants' failure to exonerate and indemnify Liberty from and against any and all liability for losses, fees, costs, and expenses of whatsoever kind or nature arising out of claims made against the Bond;

   b. Defendants' failure to deposit with Liberty, promptly upon demand, a sum of money equal to an amount determined by Liberty or collateral security of a type and value satisfactory to Liberty, to cover that liability;

   c. Defendants' failure to make payments of properly due and owing bills in connection with the Contract and the Project.

30. As a direct and proximate result of Defendants' failure to perform under the Contract, the Bond, and the Defendants' breach of the GAI, Liberty suffered damages in the following amounts:

   a. Principal:              $636,839.83
   b. Pre-Judgment Interest:  $25,883.62
   c. Taxable Costs:          $837.35
   d. Attorneys' Fees:        $20,665.96
   e. Non-Taxable Expenses:   $2,261.02
   f. Total Losses:           $686,487.78

31. The $636,839.83 in principal damages suffered by Liberty is fair and reasonable, and recoverable pursuant to the terms of the GAI.

32. The $25,883.62 in pre-judgment interest is fair and reasonable, and recoverable pursuant to the terms of the GAI.

33. The $837.35 in taxable costs is fair and reasonable, and recoverable pursuant to LR 54.2 because Liberty is the prevailing party in whose favor judgment is entered.

34. $20,665.96 in attorneys' fees is a fair and reasonable amount as determined at this Court's discretion. Liberty is entitled to the recovery of that amount pursuant to HRS §607-14 and *Azer v. Myers,* 71 Haw. 506, 512, 795 P.2d 853 (1990).

35. The $2,261.02 in non-taxable expenses is fair and reasonable, and recoverable pursuant to HRS §607-14 and *Fought & Co., Inc. v. Steel Eng'g & Erection, Inc.,* 87 Haw. 37, 52, 951 P.2d 487 (1998).

36. Liberty is entitled to an award of damages as set forth above for breach of contract by the Defendants.

37. Liberty is entitled to post-judgment interest, with interest at the rate set forth in 28 U.S.C. § 1961.

38. Entry of Default Judgment is appropriate under Fed. R. Civ. P. 55(b)(2).

39. The Defendants are neither minors nor incompetent.

40. None of the Defendants are currently on active military duty with any branch of the United States Armed Forces.

## RECOMMENDATION

As final judgment in this case, the Court Finds and Recommends as follows:

41. The Defendants breached the terms of the GAI.

42. As a result of the Defendants' breach of the GAI, judgment should be entered against the Defendants, jointly and severally, as summarized below:

    a. Principal: $636,839.83

    b. Pre-Judgment Interest: $25,883.62

    c. Taxable Costs: $837.35

<2012-12-04>
<2012-12-04>
<2012-12-04>
<2012-12-04>
<2012-12-04>

  d. Attorneys' Fees:    $20,665.96

  e. Non-Taxable Expenses:  $2,261.02

  f. **Total Judgment Amount:** **$686,487.78**

43. Post-judgment interest shall accrue at the rate set forth in 28 U.S.C. § 1961.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, December 3, 2012.



                    _____
                    Kevin S.C. Chang
                    United States Magistrate Judge

8